**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

BRIAN BAKER                                   CIVIL ACTION

VERSUS                                        NO. 19-9400

JAMES KEITH DEVILLE                           SECTION:    "G"(5)

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.    Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.    *See* 28 U.S.C. § 2254(e)(2). For the following reasons, **IT IS RECOMMENDED** that the petition for habeas corpus relief be **DISMISSED WITH PREJUDICE**.

### Procedural History

Petitioner, Brian Baker, is a convicted inmate currently incarcerated at the River Bend Detention Center in Lake Providence, Louisiana.    On April 7, 2014, Baker was charged by bill of information with possession of cocaine with intent to distribute in violation of La. Rev. Stat. § 40:967(A) and possession of marijuana with intent to distribute in violation of La. Rev. Stat. § 40:966(A).[1]    On March 24, 2015, the bill of information was amended to correct the date of the offenses.[2]    On January 12, 2015, defense counsel filed omnibus motions

---

[1]  State Rec., Vol. 1 of 4, Bill of Information, 4/7/14.

[2]  State Rec., Vol. 1 of 4, Amended Bill of Information, 3/24/15.

including a motion to suppress the evidence and Baker's statements.[3]    On March 24, 2015, after a hearing, the trial court denied the motion to suppress.[4]    Thereafter, Baker withdrew his previously entered plea of not guilty and entered a guilty plea to both counts, reserving his right to appeal the pretrial determinations of his motions pursuant to *State v. Crosby*, 338 So. 2d 584 (La. 1976).[5]    The State filed an habitual-offender bill of information as to count one, charging him as a second-felony offender.[6]    Baker entered a guilty plea to the multiple bill.[7]    The trial court sentenced him to 16 years at hard labor each as to counts one and two, the first two years as to count one to be served without the benefit of probation, parole or suspension of sentence and both sentences to be served concurrently.[8]

On direct appeal, Baker, through counsel, asserted that: (1) the trial court erred when it denied his motion to suppress the evidence found during the search of his motel room; and (2) the trial court erred in not revealing the identity of the confidential informant.[9]    In Baker's pro se brief, he asserted that the trial court erred when it "denied the suppression of evidence due to an illegal/unlawful stop and the officers' breach of duty."[10]

---

[3]  State Rec., Vol. 1 of 4, Omnibus Motions and Order for Pretrial Motions, 1/12/15.

[4]  State Rec., Vol. 1 of 4, Transcript of Hearing, 3/24/15; Minute Entry, 3/24/15.

[5]  State Rec., Vol. 1 of 4, Minute Entry, 3/24/15; Defendant's Waiver of Constitutional Rights Plea of Guilty, 3/24/15; Transcript of Hearing, 3/24/15.

[6]  State Rec., Vol. 1 of 4, Multiple Bill, 3/24/15.

[7]  State Rec. Vol. 1 of 4, Waiver of Rights – Plea of Guilty Multiple Offender -L.A. R. S. 15:529.1, 3/24/15; Minute Entry, 3/24/15; Transcript of Hearing, 3/24/15.

[8]  State Rec., Vol. 1 of 4, Minute Entry, 3/24/15; Commitment Order, 3/24/15; Transcript of Hearing, 3/24/15.

[9]  State Rec., Vol. 3 of 4, Appeal Brief, 15/KA/0401, 7/10/15.

[10]  State Rec., Vol. 3 of 4, Supplemental Pro Se Appellate Brief, 15/KA/0401, 8/7/15.

On November 19, 2015, the Louisiana Fifth Circuit Court of Appeal affirmed Baker's convictions and sentences but remanded the case to the trial court to correct the Uniform Commitment Order.[11]     On November 20, 2015, the Louisiana Supreme Court denied his application for a writ of certiorari.[12]     On January 21, 2016, the trial court amended the commitment order as directed by the Fifth Circuit.[13]

On December 2, 2016, Baker filed an application for post-conviction relief with the state district court.[14]     In that application, he asserted: (1) his convictions and sentences violate ex post facto law as his guilty plea was involuntary because of "false pretense advice by appointed counsel and an incomplete understanding"; (2) the trial court unfairly restricted the defense's cross-examination of a key prosecution witness and prejudiced petitioner's ability to present a complete defense; (3) the search of his motel room was illegal; (4) the trial court's denial of the defense's request for disclosure of the name of the confidential informant denied Baker his right to confrontation; and (5) counsel was ineffective.     On March 9, 2017, the state district court found that claims one and five were meritless and claims two, three and four were procedurally barred under La. Code Crim. P. arts. 930.4(A) and (C) because they were not raised in the proceedings leading up to the convictions or on appeal or had been fully litigated on direct appeal.[15]

---

[11]   *State v. Baker,* 14–KA–450 (La. App. 5 Cir. 11/19/15), 179 So.3d 895; State Rec., Vol. 3 of 4.

[12]   *State v. Baker*, 2015–KA–2350 (La. 4/22/16), 191 So.3d 1046; State Rec., Vol. 4 of 4.

[13]   State Rec., Vol. 1 of 4, Minute Entry, 1/21/16; Uniform Commitment Order, 2/21/16.

[14]   State Rec., Vol. 2 of 9, Uniform Application for Post-Conviction Relief and Memorandum in Support of Petition filed December 13, 2016.

[15]   State Rec., Vol. 2 of 4, State District Court Order denying post-conviction relief, 3/9/17.

Baker filed a writ application with the Louisiana Fifth Circuit Court of Appeal.[16] That court denied the writ application on May 9, 2017.[17]     On April 25, 2017, Baker filed a writ application with the Louisiana Supreme Court.[18]     On October 8, 2018, the Louisiana Supreme Court denied Baker's petition for writ of certiorari finding that petitioner failed to show he received ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Edd.2d 674 (1984), and his remaining claims were repetitive or unsupported, citing La. Code Crim. P. arts. 930.4 and 930.2.[19]

On April 9, 2019, Baker filed the instant application for habeas corpus relief.[20]     In that application, Griffin claims (1) the trial court erred in finding that search of his motel room did not violate the Fourth Amendment; and (2) he was denied effective assistance of counsel.

The State concedes that Baker's petition is not successive and that the federal application is timely.     It claims that Baker's first claim is not cognizable and that his ineffective assistance of counsel claims should be dismissed on the merits.[21]     Baker filed a traverse.[22]

---

[16]  State Rec., Vol. 4 of 4, Fifth Circuit Writ Application, 4/25/17 (signed 4/20/17).

[17]  State Rec., Vol. 2 of 4, *Baker v. State of Louisiana.*, 17-KH-218 (La. App. 5 Cir. 5/9/17) (unpublished).

[18]  State Rec., Vol. 4 of 4, La. Supreme Court Writ Application, 17-KH-218, 4/21/17.

[19]  *State ex rel. Baker v. State*, 2017-KH-1166 (La. 10/8/18), 253 So.3d 1288 (per curiam); State Rec., Vol. 4 of 4.

[20]  Rec. Doc. 1, Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus signed 4/9/19.

[21]  Rec. Doc. 17.

[22]  Rec. Doc. 21.

## Facts

The following facts were established at trial and summarized by the Louisiana Fifth

Circuit Court of Appeal:

> Defendant pled guilty without proceeding to trial. During defendant's guilty plea colloquy, the State presented that on March 13, 2014, defendant violated La. R.S. 40:967(A) in that he knowingly or intentionally possessed with intent to distribute a controlled dangerous substance, to-wit: cocaine; and also on March 13, 2014, defendant violated La. R.S. 40:966(A) in that he knowingly or intentionally possessed with the intent to distribute a controlled dangerous substance, to-wit: marijuana.

> A review of the transcript of the suppression hearing shows that Agent Jeremiah Washington was notified by a confidential informant that he, the informant, was in a position to purchase narcotics from defendant. Agent Washington worked with the informant to make a controlled buy at the Siesta Motel on the Westbank Expressway, in Marrero, Louisiana. Agent Washington observed the controlled buy and thereafter arrested defendant approximately 72 hours later at the motel on outstanding arrest warrants.

> Immediately after defendant was arrested, Agent Anthony Buttoné, who was assisting Agent Washington, went to search the particular motel room nearby where defendant was staying. Agent Buttoné found the room occupied by Taniesha Nash, who signed a consent to search form. Narcotics and other evidence consistent with distribution thereof were seized from the motel room.[23]

## Standards of Review on the Merits

Title 28 U.S.C. § 2254(d)(1) and (2), as amended by The Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA), provides the applicable standards of review for pure

questions of fact, pure questions of law, and mixed questions of both. A state court's purely

factual determinations are presumed to be correct and a federal court will give deference to

the state court's decision unless it "was based on an unreasonable determination of the facts

in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2);

---

[23] *State v. Baker*, 15-KA-895 (La. App. 5 Cir. 11/19/15), 179 So.3d 895, 898; State Rec., Vol. 3 of 4.

*see also* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.    The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").    With respect to a state court's determination of pure questions of law or mixed questions of law and fact, a federal court must defer to the decision on the merits of such a claim unless that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

The " 'contrary to' and 'unreasonable application' clauses [of § 2254(d)(1) ] have independent meaning."    *Bell v. Cone*, 535 U.S. 685, 694 (2002).    A state-court decision is "contrary to" clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the United States Supreme Court's cases or if the state court confronts a set of facts that are materially indistinguishable from a decision of the United States Supreme Court and nevertheless arrives at a result different from United States Supreme Court precedent.    *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *Wooten v. Thaler*, 598 F.3d 215, 218 (5th Cir.), *cert. denied*, 131 S. Ct. 294 (2010).    An "unreasonable application" of [United States Supreme Court] precedent occurs when a state court "identifies the correct governing legal rule ... but unreasonably applies it to the facts of the particular state prisoner's case."    *Williams*, 529 U.S. at 407-08; *White v. Woodall*, 134 S. Ct. 1697, 1706 (2014).

It is well-established that "an unreasonable application is different from an incorrect one."    *Bell*, 535 U.S. at 694.    A state court's merely incorrect application of Supreme Court

precedent does not warrant habeas relief.    *Puckett v. Epps*, 641 F.3d 657, 663 (5th Cir. 2011) ("Importantly, 'unreasonable' is not the same as 'erroneous' or 'incorrect'; an incorrect application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable.").    "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable" under the AEDPA.    *Harrington v. Richter*, 562 U.S. 86, 102 (2011).    Section 2254(d) preserves authority to issue the writ in cases where there is "no possibility fairminded jurists could disagree that the state court's decision conflicts with [United States Supreme Court] precedents."    *Harrington*, 562 U.S. at 102 (emphasis added); *see also Renico v. Lett*, 559 U.S. 766, 130 S. Ct. 1855, 1866 (2010) ( "AEDPA prevents defendants—and federal courts—from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts.").

The AEDPA's deferential standard of review under Section 2254(d) and *Williams* applies only to claims adjudicated on the merits by the state courts.    28 U.S.C. § 2254(d); 529 U.S. at 362.    With respect to claims that are not fully adjudicated on the merits in state court, the deferential AEDPA standards of review do not apply.    *Cullen v. Pinholster*, 563 U.S. 170, 185-86 (2011); *Henderson v. Cockrell*, 333 F.3d 592, 597 (5th Cir. 2003).    Instead, the federal courts review those claims under pre-AEDPA de novo standards of review.    *Id*. at 598 (citing *Jones v. Jones*, 163 F.3d 285, 299-300 (5th Cir. 1998) (applying de novo standard of review to ineffective assistance of counsel claims that were raised in state court, but not adjudicated on the merits)); *Carty v. Thaler*, 583 F.3d 244, 253 (5th Cir. 2009).

## Claims for Relief

*A.    Motion to Suppress (Claim One)*

Baker claims that the trial court improperly denied his motion to suppress in violation of the Fourth Amendment.    He argues that Taniesha Nash did not have the authority to give consent to search the motel room.

Defense counsel moved to suppress the evidence and a pretrial hearing was held the morning the trial was scheduled to be held.[24]    Following the testimony from Agent Washington, Agent Buttoné and Baker, the trial court denied the motion to suppress. Defense counsel raised an objection of lack of Nash's right to give consent and further argued that the trial court could infer that Agent Buttoné searched the room before getting consent from Nash.    Baker's challenges based on the Fourth Amendment were considered and rejected by the trial court and Louisiana Fifth Circuit on direct appeal.    The Louisiana Supreme Court denied relief without stated reasons.

As the State correctly notes in its response, Fourth Amendment violation claims generally are not cognizable on federal habeas review.    In *Stone v. Powell*, 428 U.S. 465 (1976), the United States Supreme Court held: "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at trial."    *Id.* at 494 (footnote omitted); *see also Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002).    The *Stone* bar applies even

---

[24]  State Rec., Vol. 1 of 4, Transcript of Hearing (3/24/15), pp. 3-25.

if the state-court rulings regarding the Fourth Amendment claims were in fact erroneous. *Swicegood v. Alabama*, 577 F.2d 1322, 1324 (5th Cir. 1978).

A "full and fair" hearing as contemplated by *Stone* refers to thoughtful consideration by the factfinder and at least the availability of meaningful appellate review by a higher state court. *Davis v. Blackburn*, 803 F.2d 807, 808 (5th Cir. 1986); *O'Berry v. Wainwright*, 546 F.2d 1204, 1213 (5th Cir. 1977). The "opportunity" for full and fair litigation exists as long as the state provides the petitioner with processes by which he can obtain full and fair consideration, without regard to whether he actually takes advantage of those processes. *Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978) ("An 'opportunity for full and fair litigation' means just that: an opportunity."); *see also Janecka*, 301 F.3d at 320.

In the instant case, Baker asserted a Fourth Amendment claim in the state district court, where he was afforded an evidentiary hearing. The Louisiana Fifth Circuit's opinion on direct appeal further illustrates that the Louisiana courts did, in fact, provide him with the opportunity to litigate any Fourth Amendment claims. Baker also raised the issue relating to the search of his motel room before the Louisiana Supreme Court, which denied relief without reasons. Because Baker was afforded a full and fair opportunity to litigate his Fourth Amendment claim in the state courts, *Stone* bars this Court from considering that claim.

B.    *Ineffective Assistance of Counsel (Claim Two)*

In intertwined claims, Baker claims his counsel provided deficient advice leading petitioner to have an incomplete understanding of the plea agreement and, as a result, his

plea agreement was not knowingly, intelligently and voluntarily entered into.[25]    He appears to claim that he did not understand that he could not challenge the sufficiency of the evidence on appeal.    He also claims ineffective assistance of trial counsel for failure to request a continuance of the suppression hearing to secure Nash's presence at the hearing and for advising him to plead guilty without seeking judicial review of the denial of the motion to suppress.    Finally, he claims his counsel was ineffective in failing to investigate the case, procure Nash's presence at the hearing, and raise an issue regarding his unlawful arrest and resulting search of his person.

The state district court rejected Baker's claims that his counsel rendered ineffective assistance raised in his application for post-conviction relief.[26]    The Louisiana Fifth Circuit Court of Appeal denied Baker's related writ application.[27]    In the last reasoned opinion, the Louisiana Supreme Court denied writs finding "Relator fails to show that he received ineffective assistance of counsel under the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984)."[28]

The United States Supreme Court has established a two-pronged test for evaluating claims of ineffective assistance of counsel.    Specifically, a petitioner seeking relief must demonstrate both deficient performance by counsel and that the deficient performance prejudiced his defense.    *Strickland*, 466 U.S. at 697.    A petitioner bears the burden of

---

[25]    Rec. Doc. 1-1, p. 20.

[26]    State Rec., Vol. 2 of 4, State District Court Order denying post-conviction relief, 3/9/17.

[27]    State Rec., Vol. 2 of 4, *Baker v. State of Louisiana*, 17-KH-218 (La. App. 5 Cir. 5/9/17) (unpublished).

[28]    *State ex rel. Baker v. State*, 17-KH-1166 (La. 10/08/18), 253 So.3d 1288 (per curiam); State Rec, Vol. 4 of 4.

proof on such a claim and "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective." *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1993); *see also Clark v. Johnson*, 227 F.3d 273, 284 (5th Cir. 2000).   If a court finds that a petitioner has made an insufficient showing as to either of the two prongs of inquiry, i.e., deficient performance or actual prejudice, it may dispose of the ineffective assistance claim without addressing the other prong.   *Strickland*, 466 U.S. at 697.

To prevail on the deficiency prong of the *Strickland* test, a petitioner must demonstrate that counsel's conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment.   *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001). "Counsel's performance is deficient if it falls below an objective standard of reasonableness." *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir. 1998).   Analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances. *See Strickland*, 466 U.S. at 689; *Carty v. Thaler*, 583 F.3d 244, 258 (5th Cir. 2009)..   "[I]t is necessary to 'judge ... counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.' "   *Lockhart v. Fretwell*, 506 U.S. 364, 371 (1993) (quoting *Strickland*, 466 U.S. at 690).   A petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation.   *See Harrington*, 562 U.S. at 104 (*citing Strickland*, 466 U.S. at 689).

To prevail on the prejudice prong of the *Strickland* test, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."   *Strickland*, 466 U.S. at 694; *see also Williams v. Thaler*, 602 F.3d 291, 310 (5th Cir. 2010).   Furthermore, "[t]he petitioner must 'affirmatively prove,' and not just allege, prejudice."   *Day v. Quarterman*, 566 F.3d 527, 536

(5th Cir. 2009) (quoting *Strickland*, 466 U.S. at 695).    In this context, a reasonable probability is "a probability sufficient to undermine confidence in the outcome."    *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at. 694).

The Supreme Court has held that the two-prong test articulated in *Strickland* applies to ineffective assistance claims in the guilty-plea context.    *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985).    To establish deficient performance, a petitioner must show "that counsel's representation fell below an objective standard of reasonableness."    *Id.* at 57.    "Judicial scrutiny of counsel's performance must be highly deferential," and the petitioner bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and might be considered sound trial strategy.    *Strickland*, 466 U.S. at 689 (citation and internal quotation marks omitted).    To satisfy the prejudice prong in the guilty-plea context, a petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

On habeas review, the United States Supreme Court has clarified that, in applying *Strickland*, "[t]he question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom."    *Harrington*, 562 U.S at 105.    The *Harrington* Court went on to recognize the high level of deference owed to a state court's findings under *Strickland* in light of AEDPA standards of review:

> The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so.    The *Strickland* standard is a general one, so the range of reasonable applications is substantial.    Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's

actions were reasonable.    The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Id.* (citations and quotation marks omitted).

Accordingly, scrutiny of counsel's performance under § 2254(d) is "doubly deferential." *Cullen*, 563 U.S. 190 (quoting *Knowles v. Mirzayance*, 129 S.Ct. 1411, 1413 (2009) ).   The federal courts must look at counsel's performance under the *Strickland* standard through the "deferential lens of § 2254(d)."   *Id.* (citing *Strickland*, 466 U.S. at 689 and quoting *Knowles*, 129 S.Ct. at 1419 n. 2).    Furthermore, the court will "indulge a strong presumption that strategic or tactical decisions made after an adequate investigation fall within the wide range of objectively reasonable professional assistance." *Moore v. Johnson*, 194 F.3d 586, 591 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 689–90); *see also Matheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

Because the state courts rejected Baker's ineffective-assistance of counsel claims on the merits and because such claims present a mixed question of law and fact, this Court must defer to the state-court decision unless it was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."    28 U.S.C. § 2254(d)(1); *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002). The United States Supreme Court has held that, under the AEDPA, federal habeas corpus review of ineffective assistance of counsel claims must be "doubly deferential" in order to afford "both the state court and the defense attorney the benefit of the doubt."    *Burt v. Titlow*, 134 S. Ct. 10, 13 (2013) (quoting *Cullen v. Pinholster*, 563 U.S. at 190).

Baker appears to contends that a lack of preparation and incompetent advice by defense counsel ultimately resulted in an involuntary guilty plea to the charges.    He maintains that the officers illegally arrested and searched his person, as well as his motel

room.    He claims that his counsel never investigated or requested any information regarding the confidential informant or the controlled buy, nor did counsel seek production of the outstanding warrants for Baker's arrest.    He further contends counsel failed to preserve the issue regarding the illegal arrest and search.    He contends that his counsel was not adequately prepared for the suppression hearing, failed to appeal the denial of the motion to suppress, and did not explain to him that he could not appeal the sufficiency of the evidence.    He therefore submits that his ill-advised guilty plea was unknowing and involuntary and resulted in a conviction on charges that were based on illegal stop and searches.

With regard to the adequacy of the investigation, counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.    In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all circumstances, applying a heavy measure of deference to counsel's judgments."    *Strickland*, 466 U.S. at 691.    Baker presents only self-serving allegations in support of his contention that counsel was ineffective for failing to adequately investigate the evidence.    He presents no objective evidence at all to establish that his counsel in fact failed to conduct a proper investigation. Here, the record shows that counsel actively engaged in discovery and that discovery was provided to the defense.[29]    Defense counsel acknowledged on the record that he had read the police reports, and a review of one police report indicates that Baker was "known to have

---

[29] State Rec., Vol. 1 of 4, Minute Entry, 5/20/14; Omnibus Motion and Order for Pre-Trial Motions, 1/12/15.

active attachments for his arrest."[30]    Furthermore, at the suppression hearing, defense counsel orally moved to have the trial court order the prosecution to reveal the identity of the confidential informant.[31]    The trial court denied the motion for the disclosure of the identity of the confidential informant, but ordered that the agent's testimony would be limited to that which he personally observed.[32]

As for Baker's claims that his counsel was not prepared for the suppression hearing and failed to appeal the denial of the motion to suppress, those claims are undermined by the record.    The transcript shows that defense counsel vigorously cross-examined the State's witnesses, presented Baker's testimony when petitioner insisted on testifying, and presented argument regarding the illegality of the search of the motel room.    The fact that his efforts failed to persuade the trial judge that the evidence was inadmissible does not render his performance ineffective in the Sixth Amendment sense.    *See Baker v. United States*, Crim. Action No. 3:07-CR-435, Civ. Action No. 3:10-CV-762, 2011 WL 3841690, *13 (E.D. Va. 2011) ("record shows ... counsel effectively advocated on petitioner's behalf ... [t]hus, counsel's actions were effective notwithstanding their lack of success"), *aff'd*, *United States v. Baker*, 477 F. App'x 144 (4th Cir. 2012).    Counsel was able to negotiate a *Crosby* plea to allow the denial of the pretrial motions to be appealed, and the denial of the motion to suppress the evidence found during the search of the motel room was in fact raised on appeal, although the appeal was found to be meritless.[33]    Because the result would have

---

[30]    State Rec., Vol. 1 of 4, Transcript of Hearing (3/24/15), p. 15; Jefferson Parish Sheriff's Office Arrest Report and Probable Cause Affidavit, 3/13/14.

[31]    State Rec., Vol. 1 of 4, Transcript of Hearing (3/24/15), pp. 26-30.

[32]    *Id.,* at p. 30.

[33]    State Rec., Vol. 3 of 4, Appeal Brief, 15/KA/0401, 7/10/15; *State v. Baker,* 14–KA–450 (La. App. 5

been the same had counsel taken a pretrial supervisory writ application, Baker has failed to show prejudice.

As previously indicated, Baker also claims his trial counsel was ineffective for failing to request a continuance of the suppression hearing to procure Nash's testimony.    Baker claims Nash's presence was necessary so she could be examined about their relationship, the events leading up to the officers' entry into the motel room, whether she gave consent to search Baker's property, and issues relating to third-party consent

At a pretrial hearing on March 23, 2015, the trial court granted defense counsel's request for the issuance an instanter subpoena for Taniesha Nash.[34]    Nash did not appear at the suppression hearing the following day despite having been served.[35]    Defense counsel requested the trial court issue an attachment for her arrest.[36]    It appears the request was not ruled upon as Baker chose to enter into a guilty plea.[37]

Initially, Louisiana law provides that a continuance of a hearing or trial shall not be granted after the hearing or trial has commenced but allows for a recess (a temporary adjournment) after commencement of the proceedings.    La. Code Crim. P. art 708. Motions for a continuance and recess are evaluated under the same standards.    *State v. Williams*, 2007-KA-1407 (La. 2009), 22 So.3d 867, 889; *State v. Hodges*, 98-KA-0513 (La. App. 4 Cir. 1999), 749 So.2d 732, 739.    A motion for a continuance or recess based on the

---

Cir. 11/19/15), 179 So.3d 895, 898-90; State Rec., Vol. 3 of 4.

[34]   State Rec., Vol. 1 of 4, Minute Entry, 3/23/15.

[35]   State Rec., Vol. 1 of 4, Transcript of Hearing (3/24/15), p. 31.

[36]   *Id.*

[37]   *Id.*, at pp. 32-45.

absence of a witness must meet certain criteria, including a showing that the witness's testimony is material and her presence at the proceeding is necessary, a probability that the witness will be available at the time to which the proceeding is deferred, and a showing that due diligence was used in an effort to procure the witness's attendance.    La. Code Crim. P. art. 709.

Initially, Baker appears to concede that his counsel successfully sought a one-day continuance at the hearing on March 23, 2015, the date the suppression hearing was originally scheduled to be held, to subpoena Nash.[38]    Baker has failed to show that Nash's presence at the suppression hearing would have altered the result of the proceedings to warrant a further continuance.    Agent Buttoné testified that Nash freely and voluntarily consented to the search of the motel room.[39]    Buttoné identified a consent search form with Nash's signature, which was admitted into evidence.[40]    Baker has offered no evidence, such as an affidavit from Nash, demonstrating that she would have testified in a manner beneficial to the defense.    Further, he has offered no evidence demonstrating a probability that Nash, who had been served but failed to appear, would have been available to testify at a later date. Counsel is not ineffective for failing to urge a baseless motion.    *See Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002) (counsel is not required to make futile motions or frivolous objections); *Smith v. Puckett*, 907 F.2d 581, 585 n.6 (5th Cir. 1990) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim."); *Koch v.*

---

[38]    Rec. Doc. 1-1, pp. 20-21.

[39]    State Rec., Vol. 1 of 4, Transcript of Hearing, (3/24/15), pp. 13-14.

[40]    *Id.*, at pp. 13-14; State Rec., Vol., 2 of 4, Consent Search Form, 3/13/14.

*Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ("counsel is not required to make futile motions or objections.").

Baker's claim that his counsel was ineffective for failing to argue that Baker's arrest and resulting search of his person fares no better. Agent Washington testified that, on the day Baker was arrested, Washington had verified that Baker had outstanding warrants for his arrest.[41] The search of Baker's person was incident to his arrest.[42] There is no evidence that Washington falsely testified about the outstanding arrest warrants. In fact, defense counsel noted that Baker had "some traffic attachments."[43] Again, counsel is not ineffective for failing to argue a meritless motion.[44] *See Johnson*, 306 F.3d at 255; *Smith*, 907 F.2d at 585 n.6; Koch, 907 F.2d at 527.

Finally, Baker argues that he did not understand that he could not raise sufficiency of the evidence on appeal. However, the record reflects that defense counsel stated that Baker reserved "his right to appeal the pretrial determinations of his *motions* by the Court."[45] Baker confirmed that he understood that his guilty plea allowed him appeal the pretrial decisions of the trial court.[46] Because Baker admitted his guilt, there was no trial at which

---

[41] State Rec., Vol. 1 of 4, Transcript of Hearing, (3/24/15), pp. 6.

[42] *Id.*, at pp. 9, 12.

[43] *Id.*, at p. 43.

[44] The Court notes that the prosecution addressed any possible argument regarding the suppression of the evidence found on Baker's person and argued, "the Defendant had attachments for his arrest. It was a lawful arrest so the State would argue that the search was incident to arrest, being a lawful search." *Id.*, at p. 24.

[45] *Id.*, at p. 33 (emphasis added).

[46] *Id.*, at pp. 36.

evidence was introduced, so his claim that he did not understand that he could not appeal the sufficiency of the evidence is nonsensical.

For the foregoing reasons, Baker has failed to establish that his counsel's performance was objectively unreasonable.    Furthermore, Baker has failed to show with any reasonable probability that, but for defense counsel's alleged deficiencies, he would not have pleaded guilty and would have insisted on going to trial.    Rather, Baker specifically argues that, "Had the evidence seized due to illegal search been suppressed, Petitioner would have emphatically insisted on going to trial rather than pleading under *Crosby*, *supra*."[47]    He reiterates, "Had the decision resulted in suppression of the illegally seized evidence, Petitioner would not have pleaded guilty and insisted on going to trial."[48]

Under the circumstances, no reasonable probability exists that Baker would have rejected the beneficial plea bargain and insisted on going to trial but for counsel's alleged failures.    Baker has failed to offer any proof that his counsel's alleged failures actually played a role in his ultimate decision to plead guilty.    During the plea colloquy, Baker unequivocally stated that he was satisfied with counsel's representation and handling of his case.[49]    He maintained his desire to plead guilty even when informed he had the right to proceed to trial.[50]    Given the maximum 30-year sentences he faced, *see* La. Rev. Stat. §§ 40:967(B)(4)(b) and 40:966(B)(2), the guilty plea provided him with a clear benefit. Baker agreed to plead guilty and receive a 16-year sentence as to each count rather than

---

[47]  Rec. Doc. 1-1, p. 18.

[48]  *Id.*, at p. 19.

[49]  State Rec., Vol. 1 of 4, Transcript of Hearing (3/24/15), pp. 35, 41.

[50]  *Id.*

proceed to a jury trial where he could face a maximum 30-year sentence.    He also pled guilty to the multiple bill charging him as a second-felony offender, which carried a sentence of 15 to 60 years, but received a 16-year sentence.[51]    By accepting that beneficial plea agreement and pleading guilty, Baker guaranteed himself a significantly lower sentence.

For the foregoing reasons, Baker has failed to establish that counsel's performance was deficient or prejudicial under the *Strickland* test.    He is not entitled to federal habeas corpus relief as to his claims of ineffective assistance of counsel.

## **RECOMMENDATION**

**IT IS RECOMMENDED** that Baker's application for federal habeas corpus relief be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc).[52]

New Orleans, Louisiana, this  23rd  day of _____ October _____, 2019.

_____
**MICHAEL B. NORTH**

---

[51]  *Id.*, at p. 39-42.

[52]  *Douglass* referenced the previously applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to 14 days.

**UNITED STATES MAGISTRATE JUDGE**