UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRIAN BAKER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-9400** |
| **JAMES DEVILLE, et al.** | **SECTION "G"(5)** |

## ORDER AND REASONS

Before the Court are Petitioner Brian Baker's ("Petitioner") objections to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[1] Petitioner, a state prisoner incarcerated at the River Bend Detention Center in Lake Providence, Louisiana, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] The Magistrate Judge recommended that the petition be dismissed with prejudice on the merits.[3] Petitioner objects to the Magistrate Judge's Report and Recommendation.[4] After reviewing the petition, the State's response, the Magistrate Judge's Report and Recommendation, Petitioner's objections, the record, and the applicable law, the Court overrules Petitioner's objections, adopts the Magistrate Judge's recommendation, and dismisses this action with prejudice.

## I. Background

*A.* *Factual Background*

On April 7, 2014, Petitioner was charged by a Bill of Information in the Twenty-Fourth Judicial District Court for the Parish of Jefferson with one count of possession of cocaine with

---

[1] Rec. Doc. 23.

[2] Rec. Doc. 1.

[3] Rec. Doc. 22.

[4] Rec. Doc. 23.

intent to distribute and one count of possession of marijuana with intent to distribute.[5] On March 24, 2015, the Bill of Information was amended to correct the date of the offenses.[6] Also on March 24, 2015, the state trial court denied an omnibus motion filed by the defense, which included a motion to suppress evidence and statements Petitioner made to the police.[7] The same day, Petitioner withdrew his previous plea of not guilty and pleaded guilty to both counts, reserving his right to appeal the pretrial determinations of his motions.[8] Petitioner was sentenced to sixteen years imprisonment on each count, running concurrently and with the first two years of imprisonment as to Count One to be served without the benefit of probation, parole, or suspension of sentence.[9]

On direct appeal, Petitioner asserted that the trial court erred by: (1) denying his motion to suppress and (2) failing to reveal the identify of the confidential informant.[10] Petitioner also filed a pro se brief asserting that the trial court erred when it "denied the suppression of evidence due to an illegal/unlawful stop and the officers' breach of duty."[11] On November 19, 2015, the Louisiana Fifth Circuit Court of Appeal affirmed Petitioner's conviction and sentence.[12] The Louisiana Fifth Circuit remanded the case for correction of an inconsistency in the Uniform Commitment Order.[13] On April 22, 2016, the Louisiana Supreme Court denied Petitioner's related

---

[5] State Rec., Vol. I of IV, Bill of Information, Apr. 7, 2014.

[6] State Rec., Vol. I of IV, Amended Bill of Information, Mar. 24, 2015.

[7] State Rec., Vol. I of IV, Transcript of Hearing, Mar. 24, 2015.

[8] *Id.*

[9] *Id.*

[10] State Rec., Vol. III of IV, Appeal Brief, Jul. 10, 2015.

[11] State Rec., Vol. III of IV, Pro Se Appeal Brief, Aug. 7, 2015.

[12] *State v. Baker*, 14–KA–450 (La. App. 5 Cir. 11/19/15), 179 So. 3d 895; State Rec., Vol. III of IV.

[13] *Id.*

writ application.[14] On January 21, 2016, the state trial court amended the Uniform Commitment Order as directed by the appellate court.[15]

On December 2, 2016, Petitioner filed an application for postconviction relief in the state trial court.[16] Petitioner raised the following claims: (1) his convictions and sentences violate ex post facto law as his guilty plea was involuntary because of "false pretense advise by appointed counsel and an incomplete understanding"; (2) the trial court unfairly restricted the defense's cross-examination of a key prosecution witness and prejudiced Petitioner's ability to present a complete defense; (3) the search of his motel room was illegal; (4) the trial court's denial of the defense's request for disclosure of the name of the confidential informant denied Petitioner the right to confrontation; and (5) counsel was ineffective.[17] On March 9, 2017, the trial court denied relief.[18] The trial court found that claims one and five were meritless and claims two, three and four were procedurally barred because they were not raised in the proceedings leading up to the convictions or on direct appeal.[19]

Petitioner's related writ applications were denied by the Louisiana Fifth Circuit Court of Appeal on May 9, 2017,[20] and by the Louisiana Supreme Court on October 8, 2018.[21] The Louisiana Supreme Court found that Petitioner's ineffective assistance of counsel claim did not

---

[14] *State v. Baker*, 2015–KA–2350 (La. 4/22/16); 191 So. 3d 1046; State Rec., Vol. IV of IV.

[15] State Rec., Vol. I of IV, Minute Entry, Jan. 21, 2016.

[16] State Rec., Vol. II of IV, Application for Post-Conviction Relief, Dec. 13, 2016.

[17] *Id.*

[18] State Rec., Vol. II of IV, Trial Court Order Denying Post-Conviction Relief, Mar. 9, 2017.

[19] *Id.*

[20] *Baker v. State of Louisiana*, 17–KH–218 (La. App. 5 Cir. 5/9/17) (unpublished); State Rec., Vol. II of IV.

[21] *State ex rel. Baker v. State*, 2017–KH–1166 (La. 10/8/18); 253 So. 3d 1288 (per curiam); State Rec., Vol. IV of IV.

meet the standards set forth in *Strickland v. Washington*, and that the remaining claims were repetitive or unsupported under Louisiana Code of Criminal Procedure articles 930.4 and 930.3.[22]

On April 9, 2019, Petitioner filed the instant petition for habeas corpus relief.[23] Petitioner raises two claims: (1) the trial court erred in finding that search of his motel room did not violate the Fourth Amendment; and (2) he was denied effective assistance of counsel."[24] On July 1, 2019, the State filed a response arguing that Petitioner's claims should be dismissed with prejudice.[25] On September 3, 2019, Petitioner filed a reply to the State's response.[26]

**B.   *Report and Recommendation Findings***

The Magistrate Judge recommends that this Court dismiss the petition with prejudice.[27] First, the Magistrate Judge addressed Petitioner's Fourth Amendment claim.[28] Pursuant to the Supreme Court's holding in *Stone v. Powell*, Fourth Amendment violation claims are generally not cognizable on federal habeas review "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim. . . ."[29] The Magistrate Judge noted that Petitioner was afforded an evidentiary hearing for his Fourth Amendment claim before the state trial court.[30] Because the Louisiana courts provided Petitioner the opportunity to litigate any Fourth

---

[22] *Id.*

[23] Rec. Doc. 1.

[24] *Id.*

[25] Rec. Doc. 17.

[26] Rec. Doc. 21.

[27] Rec. Doc. 22.

[28] *Id.* at 8.

[29] *Id.* (citing *Stone v. Powell*, 428 U.S. 465 (1976)).

[30] *Id.* at 9.

Amendment claims, the Magistrate Judge found that the claim was barred on federal habeas review.[31]

Next, the Magistrate Judge addressed Petitioner's ineffective assistance of counsel claims.[32] The Magistrate Judge noted that Petitioner presented only self-serving allegations in support of his contention that counsel was ineffective for failing to adequately investigate the evidence.[33] The Magistrate Judge found that the record undermined Petitioner's claim that his counsel was not prepared for the suppression hearing.[34] Finally, the Magistrate Judge rejected Petitioner's claim that his counsel performed ineffectively by failing to inform him that he could not raise a sufficiency of the evidence claim on appeal.[35]  The Magistrate Judge noted that the record reflects that defense counsel stated that Petitioner reserved "his right to appeal the pretrial determinations of his motions by the Court."[36]

## II. Objections

### A.      Petitioner's Objections

Petitioner objects to the Magistrate Judge's Report and Recommendation.[37] Petitioner argues that *Stone* does not bar federal habeas review of his Fourth Amendment claim because there was no "meaningful inquiry by the state courts."[38] Petitioner asserts that the state courts "did not

---

[31] *Id.*

[32] *Id.* at 9–20.

[33] *Id.* at 14.

[34] *Id.* at 15.

[35] *Id.* at 18.

[36] *Id.*

[37] Rec. Doc. 23.

[38] *Id.* at 3.

carefully and thoroughly address the factual basis of the petitioner's claims or [] the state courts did not apply the proper constitutional case law to the facts as developed."[39] Petitioner claims that review of his Fourth Amendment claim was frustrated by the state courts' application of the law.[40]

Next, Petitioner argues that the State improperly characterized his ineffective assistance of counsel claim.[41] Petitioner requests that this Court review the petition to clarify these claims.[42]

### B.   State's Opposition

The State of Louisiana did not file a brief in opposition to the Petitioner's objections despite receiving notice of the filing.

## III. Standard of Review

### A.   Review of the Magistrate Judge's Report and Recommendation

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. The District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[43] The District Judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[44] The District Court's review is limited to plain error for parts of the report which are not properly objected to.[45]

---

[39] *Id*. (citing *Pierson v. O'Leary*, 959 F.2d 1385, 1391 (7th Cir. 1992)).

[40] *Id*. at 5.

[41] *Id*. at 6.

[42] *Id*.

[43] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[44] Fed. R. Civ. P. 72(b)(3).

[45] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428−29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

**B.      *Standard of Review Under the AEDPA***

Following the enactment of the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), the standard of review used to evaluate issues presented in habeas corpus petitions

was revised "to ensure that state-court convictions are given effect to the extent possible under

law."[46] For questions of fact, federal courts must defer to a state court's findings unless they are

"based on an unreasonable determination of the facts in light of the evidence presented in the State

court proceeding."[47] A state court's determinations on mixed questions of law and fact or pure

issues of law, on the other hand, are to be upheld unless they are "contrary to, or involve[ ] an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court

of the United States."[48]

> Regarding this standard, the U.S. Court of Appeals for the Fifth Circuit further explains:
>
> A state-court decision is contrary to clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the Supreme Court's cases. A state-court decision will also be contrary to clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. A state-court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case.[49]

If Supreme Court case law "give[s] no clear answer to the question presented, let alone one in [the

petitioner's] favor, 'it cannot be said that the state court unreasonably applied clearly established

Federal law.'"[50] Additionally, "unreasonable is not the same as erroneous or incorrect; an incorrect

---

[46] *Bell v. Cone*, 535 U.S. 685, 693 (2002).

[47] 28 U.S.C. § 2254(d)(2).

[48] 28 U.S.C. § 2254(d)(1).

[49] *Wooten v. Thaler*, 598 F.3d 215, 218 (5th Cir. 2010) (citations and quotation marks omitted).

[50] *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (quoting *Carey v. Musladin*, 549 U.S. 70, 77 (2006)).

application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable."[51]

## IV. Law and Analysis

### A.    *Fourth Amendment Claim*

The Magistrate Judge found that the Supreme Court's holding in *Stone v. Powell* bars consideration of Petitioner's Fourth Amendment claim because the Louisiana courts provided Petitioner the opportunity to litigate any Fourth Amendment claims.[52] Petitioner objects and argues that *Stone* does not bar federal habeas review of his Fourth Amendment claim because there was no "meaningful inquiry by the state courts."[53]

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." In *Stone v. Powell*, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."[54] A "full and fair" hearing as required by *Stone* "refers to thoughtful consideration by the factfinder and at least the availability of meaningful appellate review by a higher state court."[55]

The Fifth Circuit has held that *Stone* forecloses relief "in the absence of allegations that the processes provided by a state to fully and fairly litigate fourth amendment claims are routinely or

---

[51] *Puckett v. Epps*, 641 F.3d 657, 663 (5th Cir. 2011) (quotation marks omitted).

[52] Rec. Doc. 22 at 8–9 (citing *Stone v. Powell*, 428 U.S. 465 (1976)).

[53] Rec. Doc 22 at 9.

[54] 428 U.S. at 494.

[55] *Davis v. Blackburn*, 803 F.2d 807, 808 (5th Cir. 1986) (quoting *O'Berry v. Wainwright*, 546 F.2d 1204, 1213 (5th Cir. 1977)).

systematically applied in such a way as to prevent the actual litigation of fourth amendment claims on their merits."[56] Petitioner argues that the Louisiana courts erred in deciding his Fourth Amendment claim, but "errors in adjudicating Fourth Amendment claims are not an exception to *Stone's* bar."[57]

In this case, it is beyond dispute that Louisiana provided Petitioner a "full and fair" opportunity to litigate his Fourth Amendment claim. The trial court conducted an evidentiary hearing on the motion to suppress. The issue was then presented to the Louisiana Fifth Circuit Court of Appeal and the Louisiana Supreme Court on direct appeal. Thus, *Stone* bars consideration of Petitioner's Fourth Amendment claim.

**B.      *Ineffective Assistance of Counsel Claim***

Petitioner objects to the Magistrates Judge's finding that Petitioner is not entitled to relief on his ineffective assistance of counsel claims.[58] Petitioner claims that the State "continuously incorrectly characterizes" the claims and requests that this Court refer to the petition to clarify any misunderstandings.[59] Petitioner does not raise any specific objections to the Magistrate Judge's findings on his ineffective assistance of counsel claims.

To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced his defense.[60] If a court finds that a petitioner fails on either of these two prongs, it may dispose of the

---

[56] *Moreno v. Dretke*, 450 F.3d 158, 167 (5th Cir. 2006) (citing *Williams v. Brown*, 609 F.2d 216, 220 (5th Cir. 1980)).

[57] *Id*. (citing *Janecka v. Cockrell*, 301 F.3d 316, 321 (5th Cir. 2002).

[58] Rec. Doc. 23 at 6.

[59] *Id*.

[60] *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

ineffective assistance claim without addressing the other prong.[61] To satisfy the deficient performance prong, a petitioner must overcome a strong presumption that the counsel's conduct falls within a wide range of reasonable representation.[62] Petitioner must show that the conduct was so egregious that it failed to meet the constitutional minimum guaranteed by the Sixth Amendment.[63] Courts addressing this prong of the test for ineffective counsel must consider the reasonableness of counsel's actions in light of all the circumstances.[64] To prevail on the actual prejudice prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[65] "A reasonable probability is a probability sufficient to undermine confidence in the outcome."[66]

The Supreme Court has held that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel.[67] To satisfy the prejudice prong, the petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[68]

In considering Petitioner's claims on federal habeas corpus review that are repetitive of claims already made to a state court, the central question "is not whether a federal court believes the state court's determination under *Strickland* was incorrect but whether [it] was unreasonable—

---

[61] *Id.*

[62] *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

[63] *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).

[64] *See Strickland*, 466 U.S. at 689.

[65] *Id*. at 694.

[66] *Id*.

[67] *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

[68] *Id.* at 59.

a substantially higher threshold."[69] In addition, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."[70] Thus, this standard is considered "doubly deferential" on habeas corpus review.[71]

Petitioner argues that his counsel failed to adequately investigate his case. Counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all circumstances, applying a heavy measure of deference to counsel's judgments."[72] Petitioner presents no evidence to establish that his counsel in fact failed to conduct a proper investigation. The record shows that counsel actively engaged in discovery.[73] Petitioner argues that his counsel failed to discover the identity of the confidential informant, but the record reflects that counsel orally moved for the trial court to order the prosecution to reveal that information.[74]

Petitioner also argues that his counsel was not prepared for the suppression hearing and failed to appeal the denial of the motion to suppress. However, the transcript from the hearing shows that counsel presented Petitioner's testimony at the hearing, vigorously cross-examined the State's witnesses, and presented argument regarding the illegality of the search of the motel

---

[69] *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 478 (2007)) (internal quotation marks omitted).

[70] *Id.*

[71] *Id.*

[72] *Strickland*, 466 U.S. at 691.

[73] State Rec., Vol. I of IV, Minute Entry, May 20, 2014.

[74] State Rec., Vol. I of IV, Transcript, Mar. 24, 2015.

room.[75] Defense counsel also negotiated a *Crosby* plea to allow the denial of the pretrial motions to be appealed, and the Louisiana Fifth Circuit Court of Appeal considered the claim on direct appeal.[76]

Next, Petitioner argues that his counsel was ineffective for failing to request a continuance of the suppression hearing to procure the testimony of a witness, Taniesha Nash. The record reflects that a subpoena was issued to Nash, but she nevertheless failed to appear at the hearing.[77] Petitioner has not presented any evidence to show that Nash's presence at the hearing would have altered the result of the proceeding. The investigating agent presented a consent form, which established that Nash had consented to the search of the room.[78] Petitioner has not presented any evidence to show that Nash would have testified in a manner beneficial to the defense. Therefore, Petitioner has not shown that his counsel performed ineffectively by failing to request a continuance.

Finally, Petitioner argues that his counsel performed ineffectively by failing to explain that he could not raise a sufficiency of the evidence claim on appeal. Petitioner pleaded guilty before trial. Therefore, there was no sufficiency of the evidence claim that could be raised.

Petitioner has not demonstrated that his counsel's performance was deficient or that Petitioner would not have pled guilty if not for his counsel's alleged deficiencies. By accepting the plea agreement, Petitioner received a sixteen-year sentence as to each count instead of the thirty-year sentences he faced if he would have continued to trial.[79] Therefore, Petitioner has not shown

---

[75] *Id.*

[76] *Baker*, 179 So. 3d at 898–90.

[77] State Rec., Vol. I of IV, Transcript, Mar. 24, 2015.

[78] *Id.* at 13–14; State Rec., Vol. II of IV, Consent Form.

[79] *See* La. Rev. Stat. §§ 40:967(B)(4)(b) and 40:966(B)(2).

that the state court's denial of relief on his ineffective assistance of counsel claims was contrary to, or an unreasonable application of, clearly established Federal law.

## V. Conclusion

For the reasons stated above, review of Petitioner's Fourth Amendment claim is barred on federal habeas review. Additionally, Petitioner has not shown that the state court's denial of relief on his ineffective assistance of counsel claims was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation and Petitioner Brian Baker's petition for issuance for a writ of habeas corpus pursuant to 28 U.S.C § 2254 is **DENIED** and **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA**, this __16th__ day of December, 2021.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**